United States District Court
District of Connecticut

Case No.: _____

Pro Se Prisoner Civil Rights Complaint

Kyle Lamar Paschal Burns
    Plaintiff

v.

Paul Balatka
Suzanne Gomes
Kristin Carabine

Jane Doe
   — Defendants—

SCANNED at
and Emailed.
12/11/18 by
initials
No. pages

**Please complete every section and SIGN THE LAST PAGE**.

A.   **JURISDICTION**

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities.  Check **one**.

I can bring my complaint in federal court because I am suing:

1.   _____✓_____ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983; OR

2.   _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

B.   **PLAINTIFF(S)** (THE PERSON(S) FILING THIS COMPLAINT)

If there are more than two plaintiffs, attach additional pages.  Provide items a, b, and c for each additional plaintiff.

1.   First Plaintiff

   a.   Full Name: Kyle Lamar Paschal-Barros

   b.   Inmate Number: 390410

   c.   Correctional facility: Northern CI

2.   Second Plaintiff

   a.   Full Name:

   b.   Inmate Number:

   c.   Correctional facility:

C.   **DEFENDANT(S)** (THE PERSON(S) WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

Do not include any defendants who the Court has already dismissed from your case.

1.   First Defendant

   a.   Full Name: University of Connecticut Health Center

   b.   Rank or Title: CT DOC Contracted Medical Care Provider

   c.   Workplace:

2.   Second Defendant

   a.   Full Name: Balatka

   b.   Rank or Title: Registered Nurse

Rev. 7-7-15

Page 2/

    c.     Workplace: Northern CI

3.    <u>Third Defendant</u>

    a.     Full Name: Suzanne Gomes

    b.     Rank or Title: Registered Nurse

    c.     Workplace: Garner CI / UConn CMHC

4.

        Full Name:

    b.     Rank or Title:

    c.     Workplace:

5.    <u>Fourth Defendant</u>

    a.     Full Name: Jane Doe

    b.     Rank or Title: Medical Nurse who responded to incident Dated

         Workplace: MacDougall-Walker CI

6.    <u>Fifth Defendant</u>

    a.     Full Name: Kristen Carabine

    b.     Rank or Title: Registered Nurse

    c.     Workplace: Northern CI

**D.**    **PREVIOUS LAWSUITS**

Tell the Court if any plaintiff has filed other state or federal lawsuits involving these defendants or events. If you need more space, attach additional pages.

1.    <u>First Lawsuit</u>

    a.     Court and Date filed: N/A

    b.     Caption and Docket No.:

    c.     Briefly, what was this lawsuit about?

    d.     Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?

Rev. 7-7-15

2.   <u>Second Lawsuit</u>

    a.   Court and Date filed:

    b.   Caption and Docket No.:     N/A

    c.   Briefly, what was this lawsuit about?

    d.   Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?

3.   <u>Third Lawsuit</u>

    a.   Court and Date filed:

    b.   Caption and Docket No.:     N/A

    c.   Briefly, what was this lawsuit about?

    d.   Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?

Rev. 7-7-15

Page 4 / 35

E. Summary of Claim

Plaintiff do so assert the the Defendants, while acting under color of State law, acted Reckless, and/or callously Subjecting the Plaintiff to Unnecessary and Wanton infliction of Pain. The Defendants acted with Deliberate Indifference by failing to Protect the Plaintiff from Unecessary and Wanton infliction of Pain and ignored the fact that the Plaintiff had a serious medical need. The Defendants wrongfully subjected the Plaintiff to exsposure to Chemical Agent despite his respiratory and/or irregular breathing condition which is a known Contraindication to the Use of Chemical Agent. Due to this wrongful exposure the Plaintiff suffered Painful side effects due to the Chemical Agent's Contraindications effecting the Plaintiff's condition. Although the Plaintiff had been treated after the exposure the Defendants recklessly subjected the Plaintiff to Unnecessary Wanton infliction of Pain as well as Subjecting him to the Substantial Risk that the Plaintiff could been Seriously harmed. The Defendants are being sued in their individual capacity as applicable by law.

Page 5

F.   Facts to Support this Claim

1.) Plaintiff is currently a convicted Prisoner in the custody of the Connecticut Department of Correction [CT Doc] and was at all times mentioned here in

2.) Defendants Balatka and Corabine where medical staff employeed to Provide medical care and treatment to Prisoners confined in CT Doc's Northern correctional Institution [NCI] at all times mentioned herein.

3.) Defendant Gomes was medical staff employeed to Provide medical care and treatment to Prisoners confined in CT Doc's Garner Correctional Institution [GCI] at all times mentioned here in

4.) Defendant, Jane Doe , was medical staff employeed to Provide medical care and treatment to Prisoner's confined in CT Doc's MacDougall-Walker correctional Institution [MWCI] Walker Building.

5a) CT Doc Administrative Directive 6.5 §7 (D)(5) asserts discision to utilize chemical agent may consider among other factors... Presence of a Physical condition, medical or mental Health concern, known to Staff Utilizing Chemical Agent which may contraindicate use (e.g... respiratory condition, irregular breathing.); Additionally id at (E) asserts Prior to Planned use of Physical force employing chemical Agent and absent exigent circumstances, the inmate's health Record Shall be reviewed by a qualified health Services Staff member to determine Whether the use of chemical Agent on the inmate is medically contraindicated. The Outcome of this Consultations Shall be documented on a medical incident Report and in the inmate's health records. See Attachment A

6.) All Defendants where qualified health Services Staff members in respect as to CT Doc Administrative Directive 6.5 §7(D)(5) and (E)

7.) The Plaintiff's health records Show that he Suffers from Asthma

8.) CT Doc Medical Staff (including Defendant Balatka) acknowledge and know Asthma is a respiratory condition

F. Facts to Support this Claim [Continued]

9.) The Plaintiff's Asthma condition has been deemed worthy of Comment or treatment by at least two medical Doctors Since the Plaintiff's incarceration and have Prescribed him an inhailer as treatment.

10.) Asthma is a respiratory condition that can and does affect daily activities and Causes narrowing of one's Airways which can cause wheezing coughing and other Painful Sensations similar to Suffocation

11) On November 4, 2016 Defendant Gomes was the medical Staff who, upon request of CT DOC GCI Staff, reviewed the Plaintiff's health records for any known Contraindictions to the use of Chemical Agent. Upon review Defendant Gomes falsely reported to CT DOC Staff there where no know contraindications to the use of Chemical Agent. Due to this Chemical Agent was utilized by CTDOC Staff. This exposure activated the Plaintiff's Asthma and later he was administered his inhailer due to this. Defendant Gomes later reports on the medical incident report no adverse respiratory effects noted despite administering the inhaler treatment. See Attachment B

12.) On December 14, 2017 Defendant Balatka responded as a medical Staff to an incident involving the Plaintiff. During the incident the Plaintiff's inhailer box was visible and Defendant Balatka, upon Plaintiff's inquiry, admitted seeing the Plaintiff's inhailer box and the inhailer was the Plaintiff's emergency rescue inhailer due to the Plaintiff's Asthma and that Asthma is a respiratory condition. This was stated infront of CT DOC NCI Staff. NCI Staff requested via handheld radio that medical Staff review the Plaintiff's medical records for any known contraindications to use of Chemical Agent. Moments later medical Staff reported back upon review of the Plaintiff's health records there are no known contraindications to the use of Chemical Agent. Defendant Balatka failed to correct this false report and the NCI Staff utilized Chemical Agent on the Plaintiff. This exsposure activated the Plaintiff's Asthma and later Balatka administers Plaintiff his inhailor due to this. Defendant Balatka late reports on the medical incident report no adverse effects to the use of Chemical Agent. See Attachment C

13.) Plaintiff later was made aware that Defendant Carabine was the medical Staff who falsely reported via handheld radio on 12-14-17 that upon review of the Plaintiff's health records there were no known contraindications to the use of Chemical Agent on the Plaintiff

F.   Facts and Claim [Continued]

14.) On September 25, 2018 Defendant Jane Doe , was the medical staff who responded to an incident involving the Plaintiff. Upon request by CT DOC MWCI Staff she allegedly checked the Plaintiff's health records numerous times and found no record of the Plaintiff having asthma nor a prescribed inhailer despite Plaintiff insisting otherwise. Due to her false report MWCI Staff utilized chemical agent on the Plaintiff. This exposure activated the Plaintiff's Asthma. Later while being escort out the unit medical staff administer the Plaintiff his inhailer due to the effects of the chemical Agent.

15.) During each incident the Plaintiff managed to obstruct the chemical Agent with clothing to stall the effects of the chemical agent however after surrendering and/or removal of the clothing the Plaintiff began to suffer an Asthma Attack.

16.) Had the Defendant not falsely reported to CT Doc Staff; CT Doc Staff would have utilized alternative use of Physical force agaist the Plaintiff that would not have subjected the Plaintiff to Serious risk of harm due to his serious medical need. However due to their deliberate reckless and/or callous indifference the Plaintiff was exposed to unnecessary wanten infliction of Pain.

(7.) It is believed the warning labels for CT Doc Chemical Agents by the manufactures warn agaist its use on individuals with Respiratory conditions

18) Since these reoccurring Misinformation by medical staff the Plaintiff has been fearful in seeking medical treatment due to belief that medical staff may be maliciously seeking to harm the Plaintiff. This has contributed to other pains which have been consistant and Plaintiff was fearful to seek medical treatment.

19) Other medical staff at least twice have noted yes there is a known Contraindication to Chemical Agent  See Attachments D

If you need more space, attach additional pages, but be as brief as possible.

**F.  REQUEST FOR RELIEF**

Tell the court what kind of relief you want. **Remember:** (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court-appointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits.  For any of these, you must pursue a Writ of Habeas Corpus.

1) Declatory Judgement against the defendants in both there individual capality or official capacity to stop falsely reporting the Plaintiff does not have know contraindication to the use of chemical Agent [continued on seperate page]

**G.  Do you wish to have a jury trial? Yes __✓__  No_____**

**H.     DECLARATION UNDER PENALTY OF PERJURY**

Warning: **You must sign this** or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge.  I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signature: _Kyle Lamar Parish-Barros_

Signed at _Somers CT_ on _Nov. 28 2018_
_(Location)_ _(Date)_

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. **The complaint cannot be filed without a signature from each plaintiff.**

Page 9/

Rev. 10-5-15

F Relief Requested [Continued]

2) Monetary of 200,000 [Two hundred thousand dollars] from each defendant Jointly and severally, in their individual capacity for the Physical Pain and Suffering due to the Defendant's indifference to the Plaintiff's health care

3 Monetary relief of 180,000 [one hundred and eighty thousand dollars] from each Defendant in their individual capacities for their reckless and/or callous indifference to the Plaintiff's right; Jointly and severally

4) Monetary relief of $35,000 [ninty-five Thousand dollars] for the Emotional and/or mental suffering the Plaintiff experiences due to the Defendants indifference to his health, life, and/or Safty, from each Defendant in their individual Capacities Jointly and severally

5) Comporsation for Costs to Pursue this matter including Filing Fees debted against him, Cost of matterials and Postage, Attorney Fees, and any other Costs to Pursue this matter.

6) Any additional Relief this Court deem fair, equitable, Proper and Just

Page 10/22

| CONFIDENTIAL | Inmate name: Paschal-Barros Kyle L |  |
|---|---|---|
| (FOR OFFICIAL USE ONLY) | Inmate number: 390410 | Housing: J-west |

## SECTION 4 STATE THE PROBLEM AND REQUESTED RESOLUTION

- Provide any factual information that is applicable, including any responses from staff.
- State the action that you think should be taken to resolve the problem.
- PLEASE PRINT.

Please be advised CN9601 with Staff responce is not attached due to not receiving a responce. I am Grieving that Nurses keep falsly telling Custody that I do not have Asthma (which is a respotory condition) So Custody can use chemical Agent, and then treating the life threating effects caused by the use of the chemical Agent. Nurses have Just done so again for the incident that occurred last Tuesday Sept 25 2018 and before that in December 2017. This is an on going issue my entire incarceration and medical staff are Jepardizing my life and Safty. I am requesting every Nurse that has falsly reported on Medical Incident Reports that there no knew contraindications to be suspended without pay and be retrained in the knowledge of chemical Agent//End of Grivence K.J-P.B//

Inmate signature: Kyle Tavnay Pashel Barros                    Date: October 4 2018

- For all remedies except health services, deposit this form in the Administrative Remedies box
- For a health services issue, deposit this form in the Health Services box

## SECTION 5: DECISION OFFICIAL USE ONLY - DO NOT WRITE IN THE SPACE BELOW

| Date Received: 11/9/18 | IGP #: | T#: |
|---|---|---|

| Disposition: |  | Date of Disposition: |
|---|---|---|

Reason:

| ☐ You have exhausted DOC's Administrative Remedies. | ☐ This matter may be appealed to: |  |
|---|---|---|
| Signature: |  | Date: |



# Appeal of Health Services Review
### Connecticut Department of Correction

RECEIVED NOV 28 2018 NORTHERN CORRECTIONAL

CN 8901
REV
4/1/2012

Inmate name: Paschal-Barres   Kyle   L   Inmate number: 390410

Facility/Unit: NCI/one west   Housing unit: One west 207   Date: 11-26-18

This form may only be used to appeal a Health Services decision pursuant to the provisions of Administrative Directive 8.9, Health Services Review, Section 11, pertaining to a practice, procedure or policy; or, to an allegation of staff misconduct. You must appeal within 10 days of receiving the decision. Attach Form CN 9602, Inmate Administrative Remedy Form, containing the Health Services  decision (and any other documents that may be relevant) to this form, and state below why you are appealing that decision. Deposit the completed appeal and attachments in the 'Health Services' box.

### APPEAL OF HEALTH SERVICES DECISION

I am appealing the decision because (use the back if necessary): Please be advised I did not receive a response by HSRC therefore CN-9602 not attached. I was informed CN9602 was received on or around 10/18/18. I am Grieving medical Nurses failure to protect and subjecting me to wanton and unnecessary infliction of pain by falsely reporting I don't suffer from any known contraindications to use of chemical agent despite having Asthma which is a respiratory condition

Inmate signature: Kyle Lamare Paschal Barres   Date: 11-26-18

### FOR OFFICIAL USE ONLY – DESIGNATED FACILITY HEALTH SERVICES SUPERVISOR

Date received: 11/28/18   Disposition: Return without disposition   Date of disposition: 11/28/18

Reasons:   Initial request for health service review is still in process (@ walker CI)

Designated Facility Health Services Supervisors signature: Vicki RN   Date: 11/28/18

☐ This may be appealed within 10 days to the DOC Director of Health  Services.

☑ You have exhausted the Department's Administrative Remedies.  Further appeals will not be answered.

### APPEAL OF DESIGNATED FACILITY HEALTH SERVICES SUPERVISOR'S  DECISION

I am appealing the decision because (use the back if necessary):

Inmate signature:   Date:

### *** Deposit your appeal in the Health Services Box ***

### FOR OFFICIAL USE ONLY – DOC DIRECTOR OF HEALTH Services

Date received:   Disposition:   Date of disposition:

Reasons:

Director of Health and Addiction Services:   Date:

Attachment A

Page 13 of 22

| Directive Number 6.5 | Effective Date 2/13/2013 | Page 5 of 14 |
|---|---|---|
| Title | Use of Force | |

physical force until such warning has been given. An inmate's criminal conviction history may be used in order to form a reasonable belief that the inmate has committed or attempted to commit a felony involving the infliction or threatened infliction of serious physical injury.

A.  <u>Protection of Persons</u>. Deadly physical force may be used to defend oneself or another person from the use or imminent use of deadly physical force.

B.  <u>Prevention of Escapes</u>. Deadly physical force may be used to prevent the escape of a person from custody whom an employee reasonably believes has committed a felony which involved the infliction or threatened infliction of serious physical injury.

    1.  Deadly physical force may be used if the inmate who is attempting to escape from custody has committed, is reasonably believed to have committed, or has attempted to commit a felony which involved the infliction or threatened infliction of serious physical injury and if, where feasible, the employee has given warning of the employee's intent to use deadly physical force.

    2.  In the event firing a weapon is likely to endanger any by-stander during an escape, staff shall not discharge the weapon even if it allows the escape attempt to be successful. Prior to the use of deadly physical force, a verbal warning shall be given if at all feasible. Warning shots shall not be authorized.

    3.  In no case may the use of deadly physical force be justified solely on the grounds of the security classification of the facility from which the escape is attempted.

7.  <u>Chemical Agents</u>. Chemical agents shall be designated as Category 1 or 2 devices and may be authorized for use by properly trained and certified staff as follows:

A.  <u>Category I Chemical Agents</u>. A properly trained and currently certified custody supervisor or designated Department employee may be authorized to routinely carry and use as appropriate a Category I chemical agent. OC shall be authorized for use as appropriate during transportation in accordance with this Directive. A custody supervisor may authorize the issuance and use as appropriate of Category I chemical agents to trained and certified staff in accordance with this Directive and Administrative Directive 7.2, Armories. Upon the direction of a supervisor, a tactical operations team member shall be authorized to carry and use Category I chemical agents in accordance with this Directive.

B.  <u>Category II Chemical Agents</u>. Specially trained and designated staff may use Category II chemical agents on the authorization of the highest ranking onsite facility supervisor and subject to the direct supervision of a custody supervisor in accordance with this Directive.

C.  <u>List of Authorized Personnel</u>. A current list of personnel certified and authorized to use chemical agents shall be posted and maintained in the armory where deployment of such agent would occur in accordance with Administrative Directive 7.2, Armories.

D.  <u>Decision Factors</u>. The decision to utilize chemical agents may consider among other factors the following:

| Directive Number 6.5 | Effective Date 2/13/2013 | Page 6 of 14 |
|---|---|---|
| Title | Use of Force | |

    1.    threat posed by the inmate (e.g., active aggression, presence of weapons, known history of assaultive behavior, inmate's non-compliance with lawful orders, etc.);

    2.    potential injury to staff and/or inmate;

    3.    area where agent shall be employed;

    4.    potential exposure or impact on uninvolved persons;

    5.    presence of a physical condition, medical or mental health concern, known to staff utilizing the chemical agent which may contraindicate use, (e.g., heart or respiratory condition, irregular breathing. etc.);

    6.    continuing refusal by an inmate to comply with a direct order; or,

    7.    an inmate's disciplinary history.

E.    **Contraindication of the Use of Chemical Agents**. Prior to a planned use of physical force employing chemical agents and absent exigent circumstances, the inmate's health record shall be reviewed by a qualified health services staff member to determine whether the use of chemical agents on the inmate is medically contraindicated. The outcome of this consultation shall be documented on a medical incident report and in the inmate's health record.

F.    **Decontamination**. Decontamination of any exposed person and the contaminated area shall be accomplished as soon as practical and consistent with the safe and secure operation of the facility upon restoration of control of the incident. Decontamination of any exposed person shall include at a minimum:

    1.    flushing of the eyes;

    2.    a shower and change of clothing;

    3.    medical attention; and,

    4.    removal of the person from the affected area if possible.

8.    **Restraints**.

A.    **Authorized Use**. Restraints as a use of physical force may be authorized to:

    1.    prevent escape;

    2.    prevent injury to others or self;

    3.    prevent property damage;

    4.    ensure compliance with an order; and,

    5.    maintain order, safety and security.

An inmate placed in restraints for a period longer than one (1) hour shall be placed on restrictive status in accordance with Administrative Directive 9.4, Restrictive Status. Use of restraints in accordance with Administrative Directives 6.4, Transportation and Community Supervision of Inmates, 9.4, Restrictive Status, or for routine movement shall not be considered a use of physical force under this Directive. Physical force shall not be used for the harassment or punishment of any person.

B.    **In-Cell Restraints**. The placement of an inmate on in-cell restraint status and the type of restraint used shall be approved by the Shift Commander or designee. The Shift Commander shall notify the Unit



# Medical Incident Report
## Connecticut Department of Correction

CN 6602
REV 7/20/15

| | |
|---|---|
| Facility/Unit: Garner | Report date: 11/04/2016   Time: 19:20   ☐ am   ✓ pm |

Name of patient: Paschal, Deja     Inmate number (if applicable): 390410

Medical staff name: Suzanne Gomes RN

Incident report submitted: ✓ yes   ☐ no   Report number:   Date 11/4/2016

Treatment location: RHU

**Injury description:** No Injuries noted.

**Assessment:** Inmate removed from cell and in-cell restraints initiated due to behavioral issues. Chemical agent utilized. No adverse respiratory effects noted. Cuff check performed. + ROM, + CMS to bilateral upper and lower extremities. No swelling, bruising or abrasions

**Treatment administered:** None required.

**Required follow-up:** As needed.

**Observations/remarks:** As noted above.

**Chemical agent review prior to planned use of force:**
The offender's health record was reviewed prior to planned use of force. There were no contraindications noted regarding or precluding the use of chemical agents (i.e. history of cardiac or respiratory condition, eye condition under active treatment, or documented prior severe and unexpected reaction to chemical agents).
Known contraindications based on review of health record?   ☐ yes   ✓ no

Placement after treatment:
☐ Inmate is cleared for General Population Placement    ✓ Inmate is cleared for Restrictive Housing Placement
☐ Inmate is not cleared for Restrictive Housing Placement    ☐ Other (specify):

| | |
|---|---|
| Patient signature: Unable/Cuffed | Date: 11/4/2016 |
| Medical staff signature: S Gomes RN | Date: 11/4/2016 |
| Custody supervisor signature: | Date: 11/4/2016 |

Page 18/5 to



# Medical Incident Report
## Connecticut Department of Correction

CN 6602
REV 7/20/15

| Facility/Unit: NCI | Report date: 12/14/2017 | Time: 4:00 | ☐ am ☒ pm |
|---|---|---|---|

| Name of patient: PASCHAL, DEJA | Inmate number (if applicable): 390410 |
|---|---|

Medical staff name: BALATKA, RN

| Incident report submitted: ☐ yes ☐ no | Report number: | Date: |
|---|---|---|

Treatment location:    1WEST MEDICAL SCREENING / 1W – 102

Injury description:

NO  INJURY NOTED OR REPORTED S/P USE OF CHEMICAL AGENT

Assessment:

I/M DID NOT CONTRACT FOR SAFETY

ASSESSMENT S/P IN CELL RESTRAINTS PLACEMENT

Treatment administered:

VISUAL, VERBAL, TACTILE ASSESSMENT
DECONTAMINATION FACE / EYES WASHED
PER DR. ZAIDI ON CALL PLACED  "BOS"

Required follow-up:

MHU DUE TO BOS PLACEMENT
PER AD 6.5 AND PRN

Observations/remarks:
I/M WAS AVOIDING COMPLIANCE WITH CUSTODY ORDERS, KEPT COVERED DOOR WINDOW, IGNORED SEVERAL
MEDICAL REQUEST TO TAKE DOWN WINDOW COVER, DID NOT CONTRACT FOR SAFETY. I/M PLACED ON BOS TO
MAITAIN HIS SAFETY AND SECURITY.
A+O, STEADY GAIT, NO RESPIRATORY DISTRESS, SPEAK LAUDLY IN WHOLE SENTENCES, GOOD COLOR, +CMS,
+ ROM, SKIN INTACT AT RESTRAINTS SITES, AMPLE SPACING AT ALL EXTREMITIES.

**Chemical agent review prior to planned use of force:**
The offender's health record was reviewed prior to planned use of force. There were no contraindications noted regarding or
precluding the use of chemical agents (i.e. history of cardiac or respiratory condition, eye condition under active treatment, or
documented prior severe and unexpected reaction to chemical agents).

Known contraindications based on review of health record?      ☐ yes  ☒ no

Placement after treatment:

☐ Inmate is cleared for General Population Placement          ☐ Inmate is cleared for Restrictive Housing Placement

☐ Inmate is **NOT** cleared for Restrictive Housing Placement    ☒ Other (specify): PER CUSTODY

| Patient signature:   INAPPROPRIATE TO GIVE PEN - RESTRAINED | Date: | 12/14/2017 |
|---|---|---|
| Medical staff signature: | Date: | 12/14/2017 |
| Custody supervisor signature: | Date: | |

ATTACHMENT (D)



# Medical Incident Report
## Connecticut Department of Correction

CN 6602
REV 6/30/09

Facility/Unit: Garner CI

Report date: 1/18/13     Time: 11:15   ☒ am   ☐ pm

Name of patient: Paschal, Deja

Inmate number (if applicable): 390410

Medical staff name: Brian Snider

Incident report submitted: ☐ yes ☐ no   Report number:          Date:

Treatment location: Bravo unit

**Injury description:** Inmate resisting to cuff upon orders to do so at cell trap. Informed that inmate going to RHU. Inmate had sheet up on bunk but talking to officers through trap. Sheet was pulled down and officer noticed a noose tied around inmates neck. Code white called. Inmates cell sprayed c̄ chemical agent and entered by custody. noose was loosened by pulling on it. Just had knot. Ø loss of consciousness. Inmate stating "I want to die".

**Assessment:** Ø LOC. Eyes tearing. Inmate spontaneously breathing and stating over and over "I want to die". ligature mark around circumference of neck. Ø difficulty breathing. Remains uncooperative c̄ all staff.

**Treatment administered:** c̄ Inmates face flushed with Normal Saline because of non-cooperation c̄ decontamination in shower. Inmate cleared by medical. Inmate transferred to IPM I via wheel-chair. Non-compliant c̄ vital signs. Was resistant by pulling away. Refused to sit up in chair and wheel-chair.

**Required follow-up:** Medical and mental health as needed. Is being transferred to unit where medical and mental services are readily available.

**Observations/remarks:** Inmate would not get off of the floor. Was transferred to chair and assessed. Transferred to w/c for transfer to IPM I. Inmate has hx of Asthma but due to the nature of the emergency chemical agent was used c̄ no ill effects. Ø difficulty breathing at this time.

**Chemical agent review prior to planned use of force:**
The offender's health record was reviewed prior to planned use of force. There were no contraindications noted regarding or precluding the use of chemical agents (i.e. history of cardiac or respiratory condition, eye condition under active treatment, or documented prior severe and unexpected reaction to chemical agents).
Known contraindications based on review of health record? ☒ yes ☐ no

**Placement after treatment:**
☐ Inmate is cleared for General Population Placement
☐ Inmate is not cleared for Restrictive Housing Placement
☐ Inmate is cleared for Restrictive Housing Placement
☒ Other (specify): Inmate transferred to IPM I

Patient signature: unable to sign        Date: 1/18/13

Medical staff signature: Brian Snider, LPN     Date: 1/18/13

Custody supervisor signature:            Date: 1/18/13



# Medical Incident Report
## Connecticut Department of Correction

CN 6602
REV 7/20/15

| | | |
|---|---|---|
| Facility/Unit: Garner CI / F | Report date: 01/16/15 | Time: 5⁴⁴ ☐ am ☒ pm |

Name of patient: Pascul Dejal     Inmate number (if applicable): 390410

Medical staff name: Carol Sisson CHN

Incident report submitted: ☐ yes  ☐ no  Report number:          Date:

Treatment location: F/RH 217

Injury description:
Post code Blue on CBlock
Post restraint check p̄ transfer to RHU

Assessment:
Chemical agent deployed
No resp distress        + cms from
No injury noted.        Bilateral wrists ō redness
                        ō open area ō bruise.

Treatment administered:
Inmate decontaminated in shower

Required follow-up:
None needed

Observations/remarks:
None needed. As above

**Chemical agent review prior to planned use of force:**
The offender's health record was reviewed prior to planned use of force. There were no contraindications noted regarding or precluding the use of chemical agents (i.e. history of cardiac or respiratory condition, eye condition under active treatment, or documented prior severe and unexpected reaction to chemical agents).

Known contraindications based on review of health record?  ☒ yes  ☐ no

Placement after treatment:
☐ Inmate is cleared for General Population Placement     ☒ Inmate is cleared for Restrictive Housing Placement
☐ Inmate is not cleared for Restrictive Housing Placement     ☐ Other (specify):

| Patient signature: Refused to sign C.O Jones | Date: 01/16/15 |
|---|---|
| Medical staff signature:     CHN | Date: 01/16/15 |
| Custody supervisor signature: | Date: 11/16/15 |